IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | |
| VIRGINIA INTERNATIONAL TERMINALS, LLC ) ) ) | COMPLAINT |
| ) | JURY TRIAL DEMAND |
| Defendant. ) ) ) ) | |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Kenneth L. Skinner, an individual with a disability. As alleged with greater particularity below, Defendant Virginia International Terminals, LLC denied Mr. Skinner reinstatement to his position as a hustler driver after his cardiologist released him to return to work without restriction.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§

2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Norfolk Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1).

4. At all relevant times, Defendant, Virginia International Terminals, LLC (the "Employer"), has continuously been a Virginia limited liability corporation doing business in the State of Virginia and the City of Norfolk, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Kenneth L. Skinner filed a charge with the Commission alleging violations of the ADA by Defendant Virginia International Terminals, LLC.

8. On April 30, 2024, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On June 27, 2024, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least May 8, 2023, Defendant Employer has engaged in unlawful employment practices at its Norfolk International Terminal location, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. 12112(a).

12. Kenneth L. Skinner is a qualified individual with a disability under 42 U.S.C. §§ 12102 and 12111(8). Kenneth L. Skinner has an impairment, heart disease, that substantially limits a major life activity within the meaning of 42 U.S.C. §12102(2)(b).

13. From about May 2015, Mr. Skinner operated a hustler truck for Defendant Employer at Norfolk International Terminals.

14. As a hustler truck driver for Defendant Employer, Mr. Skinner navigated a hustler truck, at a maximum speed of 20 mph, transporting shipping containers around the private roadways of Norfolk International Terminals.

15. Hustler truck drivers are not required to have a commercial driver's license.

16. Mr. Skinner experienced a cardiac event on January 2, 2023 that resulted in several days hospitalization and the surgical implantation of an Implantable Cardioverter Defibrillator (ICD).

17. On or about April 13, 2023, Mr. Skinner received a note from his cardiologist's office releasing him to return to work.

18. On April 14, 2023, Mr. Skinner's union representatives notified Defendant Employer that Mr. Skinner was ready to return to work.

19. By a note dated May 2, 2023, Mr. Skinner's cardiologist confirmed that Mr. Skinner was released to return to work without restriction.

20. Defendant Employer, nonetheless, imposed a per se exclusion of Mr. Skinner from the hustler driver position, failed to consider his particular condition or his work, and prohibited him from returning to the hustler driver position in perpetuity because of his disability.

21. Subsequent employment that Defendant Employer made available to Mr. Skinner has been less desirable than the hustler truck driver position that he was employed in until January 2, 2023 in that such employment has offered fewer hours, lower pay, and/or has been more physically demanding.

22. The effect of the practices complained of in paragraphs 11 through 21 above has been to deprive Kenneth L. Skinner of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

23. The unlawful employment practices complained of in paragraphs 11 through 21 above were and are intentional.

24. The unlawful employment practices complained of in paragraphs 11 through 21 above were and are done with malice or with reckless indifference to the federally protected rights of Kenneth L. Skinner.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from imposing per se exclusions of employees from particular work based on any disability.

B. Order Defendant Employer to withdraw its objections to Mr. Skinner working as a hustler driver and to reinstate him to that position.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, including but not limited to providing reasonable accommodations which can enable employees to perform the essential functions of their positions, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to make whole Kenneth L. Skinner, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described above.

E. Order Defendant Employer to make whole Kenneth L. Skinner by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 through 20 above.

F.  Order Defendant Employer to make whole Kenneth L. Skinner by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11 through 20 above, including emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

G.  Order Defendant Employer to pay Kenneth L. Skinner punitive damages for its malicious and reckless conduct, as described in paragraphs 11 through 20 above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, NE
Washington, D.C. 20507

MELINDA C. DUGAS

6

Regional Attorney

ZOË G. MAHOOD
Supervisory Trial Attorney

**/s/** *Amy E. Garber*
AMY E. GARBER
Trial Attorney
Virginia Bar No. 37336
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Norfolk Local Office
200 Granby Street, Suite 739
Norfolk, Virginia 23510
Telephone: (757) 600-4726
Facsimile: (704) 954-6412
Email: amy.garber@eeoc.gov

GABRIEL O. MONDINO
Trial Attorney
Louisiana State Bar No. 31514
EEOC, Richmond Local Office
400 N. 8th Street, Suite 350
Richmond, Virginia 23219
Telephone: (804) 362-6916
Facsimile: (704) 954-6412
Email: gabriel.mondino@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**